IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO. 3:07cr293-MHT |
| ) | |
| BENJAMIN WADE CAMPBELL ) | |

## PLEA AGREEMENT

**DEFENSE COUNSEL:**            (FDO) DONNIE W. BETHEL

**ASSISTANT U.S. ATTORNEY:**    NATHAN D. STUMP

**COUNTS AND STATUTES CHARGED:**

Count 1        18 USC 2113(a)
               Bank Robbery

**COUNTS PLEADING PURSUANT TO PLEA AGREEMENT:**

Count 1        18 USC 2113(a)
               Bank Robbery

**PENALTIES BY COUNT - MAXIMUM PENALTY:**

> A term of imprisonment not to exceed 20 years, a fine not to exceed $250,000, or both the fine and the imprisonment; a term of supervised release of no more than 3 years; an assessment fee of $100.00; and restitution to any victims of the offense.

**ELEMENTS OF THE OFFENSE:**

The government must prove beyond a reasonable doubt that the defendant:

(1) by force and violence, or by intimidation;

(2) took from the person or presence of another;

(3) money belonging to, or in the care, custody, control, management, or possession of any bank.

*See United States v. Kelley*, 412 F.3d 1240 (11th Cir. 2005).

*******************************************************************

With the authorization of the defendant, the parties to this action have entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment. As a result of those discussions, the parties have reached a Plea Agreement. This Plea Agreement is being submitted to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and both the Government and the defendant understand that, in accordance with that Rule, if the Court should decide not to follow the recommendation in the Plea Agreement, the defendant will <u>not</u> have the right to withdraw his plea of guilty.

The specific terms of the Plea Agreement are as follows:

## **GOVERNMENT'S PROVISIONS**

1.  The Government agrees that a 2-level reduction in the applicable offense level pursuant to U.S.S.G. § 3E1.1(a) for the defendant's acceptance of responsibility is appropriate, so long as the defendant does not obstruct justice or otherwise fail to accept responsibility for the offense conduct. Should the Government find that the defendant assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and this Court to allocate their resources efficiently, and if the defendant otherwise qualifies, the Government agrees to move at sentencing for a further reduction of one level, pursuant to U.S.S.G. § 3E1.1(b). Determination of whether the defendant met his obligations to qualify for the reduction pursuant to U.S.S.G. § 3E1.1 is at the sole discretion of the United States.

2.  The Government agrees to recommend at sentencing that the Court impose a sentence at the low end of the applicable Guidelines Range, as calculated by the Court, but only so long as the Court finds that the defendant falls within Criminal History Category I or II.

3. The Government further agrees not to pursue any other criminal charges against the defendant stemming from the facts that support the defendant's conviction in this case, or to use against the defendant, directly or indirectly, any information that the defendant truthfully discloses to the Government during the course of his cooperation, except in the case of a crime of violence or a subsequent prosecution for perjury, false statements, or obstruction of justice.

4. If the defendant provides substantial assistance to the United States in any future case, as contemplated in the Cooperation Agreement set forth herein at paragraph 8, the Government will file a motion for downward departure under Rule 35 of the Federal Rules of Criminal Procedure. The defendant understands and agrees that the Office of the United States Attorney for the Middle District of Alabama will have the sole discretion to determine if the defendant has provided substantial assistance and when to file any such motion.

5. The Government reserves the right to inform the Court and the United States Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

## **DEFENDANT'S PROVISIONS**

6. The defendant agrees to plead guilty to Count 1 of the Indictment.

7. The defendant further agrees not to commit any other federal, state, or local offense while awaiting sentencing. The determination of whether the defendant's conduct is a violation of this provision is at the complete discretion of the Government.

8. <u>Cooperation Agreement.</u> The defendant agrees to cooperate with the Government according to the following terms:

    a. *Full and Truthful Cooperation.* The defendant agrees to cooperate fully and to testify truthfully against any and all persons as to whom he may have knowledge, whether it be before a grand jury, in a trial or other court proceeding, or whenever called upon to do so.

The defendant understands that this agreement does not require him to implicate any other particular individual or individuals or to "make a case" against anyone; rather, it requires him to be truthful and to testify truthfully and completely. The defendant agrees to be available, if required, for the review of documents and other materials and for interviews by law enforcement officers and attorneys for the Government upon reasonable request and to respond fully and truthfully to all questions asked of him by law enforcement officers and attorneys for the Government. The defendant agrees to submit to a polygraph examination conducted by the Government if requested to do so.

      b.    *Limited Immunity.* Provided that the defendant satisfies the terms of this Plea Agreement, any information that the defendant truthfully discloses to the Government during the course of the defendant's cooperation will not be used against the defendant, directly or indirectly, except that this immunity agreement does not prevent the Government from prosecuting the defendant for any crime of violence, perjury, false statements, or obstruction of justice (*see* paragraph 3, *infra*).

      c.    *Material Breach.* If the defendant should fail in any way to fulfill completely his obligations under this agreement, then the Government will be released from its commitment to honor all of its obligations to the defendant. Thus, if at any time the defendant should knowingly and willfully withhold evidence from or provide false information to any agent, attorney, investigator, officer, or witness for the Government, or any judge, jury, grand jury, court or tribunal of the Government, or if at any time the defendant fails to appear for any scheduled meeting with law enforcement agents or any scheduled court appearance in the Middle District of Alabama, then the Government will be released from this agreement and will be free, to the extent permitted by law, to take any or all of the following actions:

1. To prosecute the defendant for perjury, false declaration, false statement, and/or obstruction of justice (*see* 18 USC §§ 1001, 1503, 1621, 1623).

2. To prosecute the defendant for any and all violations of federal criminal law which the defendant has committed.

3. To use against the defendant in all of those prosecutions and sentencings the information and documents that the defendant has disclosed or furnished to the Government during the course of the defendant's cooperation.

4. To recommend a maximum sentence.

5. To seek forfeiture of any and all forfeitable properties of the defendant.

6. To seek forfeiture of any appearance bond made by the defendant.

7. To prosecute the defendant for the defendant's failure to appear at any scheduled court appearance, pursuant to 18 USC § 1073 or any other applicable state or federal criminal statute.

   d.   The parties agree to submit to the court, to be decided by a preponderance of the evidence standard, the question of whether the defendant has breached this agreement.

   9.   <u>Waiver of the Defendant's Right to Appeal or Collaterally Attack the Sentence.</u>

   a.   *Defendant's Waiver.*  By entering into this Plea Agreement, the defendant knowingly and voluntarily waives any and all of his rights under 18 U.S.C. § 3742 to appeal the sentence in this case. The defendant specifically waives his right to appeal the sentence on the grounds that the Sentencing Guidelines are in any respect unconstitutional, or that any fact found by the Court for sentencing was not alleged in the Indictment, admitted by the defendant, found by a jury, or found beyond a reasonable doubt. The defendant further expressly waives his right to appeal the conviction and sentence on any other ground, including any challenge to the reasonableness of the sentence, and waives the right to attack the sentence in any post-conviction proceeding.

  b. *Exceptions.* This waiver does not include (and the defendant expressly reserves) the right to appeal or collaterally attack the sentence on the grounds of ineffective assistance of counsel or prosecutorial misconduct. The defendant is released from this waiver if the Court applies an upward variance or departure, or if the Government files an appeal under 18 U.S.C. § 3742(b).

  c. *No Waiver by Government.* Nothing in this Plea Agreement affects the Government's right and/or duty to appeal the sentence imposed in the case, as set forth in 18 U.S.C. § 3742(b). Nor does the Government waive its right to appeal any order dismissing the Indictment, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings.

### FACTUAL BASIS

  10. The defendant admits the allegations charged in Count 1 of the Indictment and understands that the nature of the charges to which the plea is offered involves proof that the defendant committed the crime of **Bank Robbery** as follows:

  a. On or about October 31, 2007, in Russell County, within the Middle District of Alabama, the defendant, BENJAMIN WADE CAMPBELL, used force, violence and intimidation to rob the Wachovia Bank on the 280 Bypass in Phenix City, Alabama. Specifically, the defendant gave the drive-thru bank teller a fake bomb and a demand note which read, "This is a remote controlled bomb. I want $15,000 in a bag. No marked money. No dye packs. No alarms. No police. I can blow this thing from a mile away, so don't play any games. Hand over the money and no one gets hurt. You have 90 seconds or I will bring this bank to the ground." In response to the defendant's demand, the bank teller gave the defendant approximately $11,390 of the money belonging to and in the care, custody, control, management,

and possession of Wachovia Bank, a bank whose deposits were then insured by the Federal Deposit Insurance Corporation. All in violation of Title 18, United States Code, Section 2113(a).

**DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT**

11. After conferring with his attorney, and before entering a plea of guilty as to Count 1, the defendant advises the Court that he understands the following to be true:

    a. The defendant has the right to plead not guilty, the right to be tried by a jury, the right to the assistance of counsel at every stage of the proceedings, the right to confront and cross-examine witnesses against him, the right to call witnesses on his behalf, and the right not to be compelled to incriminate himself. By entering a plea of guilty, the defendant waives all of those rights, and there will be no trial of any kind in this case.

    b. In entering a plea of guilty herein, the Court may ask the defendant questions about the offense to which the plea is entered. Evidence of a plea of guilty later withdrawn, an offer to plead guilty to the crime charged in the Indictment, or statements made in connection with and relevant to a guilty plea are not admissible in any civil or criminal proceedings against the defendant, except in a criminal proceeding for perjury or false statement, and only if the defendant makes a false statement under oath, on the court record, and in the presence of counsel.

    c. The United States Probation Office will prepare for the Court a pre-sentence investigation report, in which the Probation Officer will recommend a sentence based upon the calculated offense level, the defendant's criminal history, as well as any relevant conduct related to the offense to which the plea is offered. The offense level or criminal history category calculated by the Probation Officer and determined by the Court may differ from that projected by defendant's counsel or the Government.

d. At sentencing, the Court will find by a preponderance of the evidence the facts used to determine the defendant's Guidelines offense level, criminal history category, and sentence. For that purpose, the Court may consider any reliable evidence, including hearsay.

e. The Court is not bound to accept the terms of this Plea Agreement. The Government can only make a recommendation, which is not binding upon the Court, and if the Court does not accept the Government's recommendation, <u>the defendant will not be permitted to withdraw his plea</u>, and the Court may dispose of the case either more favorably or less favorably toward the defendant than this Plea Agreement contemplated.

f. In determining the particular sentence to impose, the Court will consider the United States Sentencing Guidelines, as well as all of the factors listed in Title 18, United States Code, Section 3553(a).

g. There is no possibility of parole in the federal prison system, and the defendant will likely serve all or substantially all of his prison sentence.

h. If the Court imposes a fine in this case, the defendant will be required to make an honest, good faith effort to pay the fine as directed by the Financial Litigation Section of the United States Attorney's Office. To that end, the defendant will meet with a member of the Financial Litigation Section on the day of sentencing and complete a written personal financial statement, setting forth the defendant's assets and liabilities as of the date of the offense. The defendant further understands that by completing the financial statement, he is representing that it is true and accurate to the best of his information, knowledge, and belief.

i. Pursuant to 18 U.S.C. § 3013, the defendant will be ordered at sentencing to pay an assessment fee of $100.00, which will be due and payable to the Court immediately.

j. This Plea Agreement is the result of prior discussions between the attorney for the Government and the attorneys for the defendant. Those discussions were all conducted with the defendant's authorization, knowledge, and consent.

k. This Plea Agreement and the plea to be entered by the defendant as a result thereof are voluntary and are not the result of any force or threats, or of any promises apart from what has been expressly agreed upon in this Plea Agreement itself.

## REPRESENTATIONS OF THE PARTIES

12. The undersigned attorneys for the Government and for the defendant represent to the Court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to Rule 11, Federal Rules of Criminal Procedure, as Amended.

13. The attorney for the defendant represents to the Court that he has advised the defendant on all of the contents of this Plea Agreement, including specifically all of the provisions listed in Paragraph 11 herein, and that he is satisfied that the defendant adequately understands all of the contents of this Plea Agreement.

This 24th day of April, 2008.                    Respectfully submitted,

                                                 LEURA GARRETT CANARY
                                                 UNITED STATES ATTORNEY

                                                 _____
                                                 Nathan D. Stump
                                                 Assistant United States Attorney
                                                 131 Clayton Street
                                                 Montgomery, Alabama 36104
                                                 Tel: (334) 223-7280
_____                  Fax: (334) 223-7135
Louis V. Franklin                                Email: nathan.stump@usdoj.gov
Chief, Criminal Division

I have read the Plea Agreement, understand the same, and agree that it accurately states both the representations that have been made to me and the conditions of the agreement that has been reached. I am satisfied that my attorney, Donnie Bethel, Esq., has represented my interests in this matter competently and effectively. IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT.

_____          _4/24/08_____
BENJAMIN WADE CAMPBELL                    Date
Defendant

_____          _4/24/08_____
DONNIE W. BETHEL, Esq.                    Date
Attorney for the Defendant